**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS ISMAEL SOTO-SOTO,
a/k/a Shards,

    Defendant - Appellant.

No. 18-1442
(D.C. No. 1:17-CR-00374-RM-1)
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **EID**, Circuit Judges.

———————————————————

Jesus Ismael Soto-Soto pleaded guilty to one count of possession with intent to

distribute 5 grams or more of methamphetamine (actual) and 50 grams or more of a

mixture and substance containing methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(B)(viii). The district court sentenced him to 87 months in prison,

a sentence below the forty-year statutory maximum penalty for his offense. *See*

21 U.S.C. § 841(b)(1)(B)(viii).

---

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Although Mr. Soto-Soto's plea agreement contained a waiver of his appellate rights, he filed a notice of appeal. The government has moved to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because: (1) Mr. Soto-Soto's appeal is within the scope of the appeal waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

In response to the government's motion, Mr. Soto-Soto concedes that his appeal waiver is enforceable under the standards set forth in *Hahn*, and he agrees that his appeal should be dismissed. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Mr. Soto-Soto's right to pursue post-conviction relief on the grounds permitted in his plea agreement.

Entered for the Court
Per Curiam

2